CASE 19—PETITION ORDINARY—FEBRUARY 8.

# Rhorer, Receiver v. Middlesboro Town & Lands Co.

### APPEAL FROM BELL CIRCUIT COURT.

1. PLEADING—ACTION BY RECEIVER.—A receiver in order to maintain an action must set out facts showing his appointment and by what jurisdiction he was appointed, and so much of the proceedings as will show that his appointment was legal, and these facts must be stated with such certainty that they can be traversed.

2. CORPORATIONS—CONTRACTS NOT AUTHORIZED BY CHARTER—PLEADING.—As a general rule corporations can not acquire, or guaranty stock in another corporation, unless it is expressly or impliedly permitted so to do by its charter; and in an action against a corporation seeking to hold it liable on a contract to guaranty dividends on the stock of another corporation, the petition is defective, if it fails to set out the provisions of the charter, authorizing the corporation to make such contract.

3. PLEADING—CONCLUSIONS OF LAW.—Allegations that a corporation is the successor of another and assumed all its liabilities and obligations, and is liable for the payment of the obligations sued on, is only the statement of legal conclusions.

G. W. SAULSBERRY FOR APPELLANT.

Rhorer, Receiver v. Middlesboro Town & Lands Co.

1. The guaranty of the Middlesboro Town and Lands Co., well known
   as a large, wealthy and prosperous corporation, was the direct
   and immediate cause of the sale of a great deal of the stock of
   the other corporation, and the language used in the guaranty was
   plain and unequivocal, and constituted an original, independent
   and separate undertaking as between that corporation and the
   purchaser of the stock.   Marbury v. Ky. Union Land Co., 62
   Federal Rep.; Hill v. Smith, 62 U. S., 113; Davis v. Wells-Fargo
   Co., 104 U. S., 686; Thompson v. Glover, 78 Ky., 193; Baker, Ginn
   & Co. v. Farmers' Tobacco Warehouse Co., 12 Ky. Law Rep., 528;
   2d Sutherland on Damages, 551; Struther v. Clark, 30th Pa. St.,
   210; Morris v. Barrett, 24 Ohio St., 210.

CHAPMAN & SAMPSON for appellee.

1. The allegations of the petition are insufficient to show that appel-
   lant had the right to sue and recover, as receiver, or how he came
   by any such authority.   Ransdall v. Shropshire, 4th Met., 330;
   Quisenberry v. Artis, 1 Duval, 30, Newman on Pleadings and
   Practice, pages 305 and 306.
2. The allegations of the petition that the Town and Lands Co., is
   the successor of the other corporation, and had assumed all its
   liabilities and obligations, is a mere conclusion of law, and does
   not authorize judgment against the corporation sought to be held
   liable.
3. The petition should specifically allege, where a corporation is
   sought to be held liable as a guarantor of dividends on stock of
   another corporation, the power in the board of directors to make
   the contract; no such general authority is given to corporations.
4. The party claiming under a contract of guaranty must, before
   holding the guarantor liable therein, have a right to call on the
   one primarily liable.   The appellant in this case could not have
   compelled the corporation whose stock was guaranteed to pay
   a dividend, in any event, to pay the same, as no duty rests upon
   a corporation to pay a dividend; and having no right to compel
   it to pay a dividend, he could not compel the guarantor to do so.
   9th Am. & Eng. Ency. of Law, 67; Gridly v. Copen, 72 Ill., 13;
   McClaren v. Watson's Exors., 26 Wend. (N. Y.); Degolyar on
   Guaranty, 66.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This action was brought by appellant, as receiver of the First National Bank of Middlesboro, against the Middlesboro Town and Lands Company, as successor to the Middlesboro Town Company, to recover on a guarantee made by the Middlesboro Town Company, to the holder of stock issued by the Investment Company of Middlesboro, the plaintiff being the holder of thirty shares of that stock. The lower court dismissed the appellant's petition on special and general demurrer, and we are asked to reverse that judgment.

The petition alleges that the appellant is the receiver of the bank; that in the year 1890 the Investment Company of Middlesboro was organized, principally to purchase real estate from the Middlesboro Town Company and to improve and sell same; that as an inducement to purchasers of stock in the investment company, the town company guaranteed to each and every stockholders in the investment company payment of dividends at the rate of 7 per cent. per annum, payable semi-annually, the guarantee being in these words: "For value received, the Middlesboro Town Company hereby guarantees to the holder hereof payment of dividend at the rate of 7 per cent. per annum, payable semi-annually, on the first days of January and July, at the Coal & Iron Bank of Middlesboro, Ky., for a period of ten years from the first day of July, 1891. (Signed) C. M. Woodberry, vice president," the corporate seal being affixed and attested by the secretary; further alleging that there were due and payable from the defendant town company on this guarantee a number of past due semi-annual dividends which had not been paid, and seeking judgment against the town and lands company upon this allegation that the defendant town and lands

company is the successor of the town company and that it had assumed all liabilities of the town company and is liable for the payment of the overdue dividends. It is further alleged that the guarantee by the town company was made simultaneously with the issuing of the stock upon which such interest was guaranteed, for a valuable consideration passing from the Investment Company of Middlesboro to the town company; that the town company was the promoter of the Investment Company of Middlesboro and held and owned a large amount of stock in the investment company; that the town company was directly instrumental in the sale of the stock of the investment company and was beneficially interested in all moneys realized from the sale of such stock, and that the investment company was insolvent and had ceased to do business. It seems to us that the allegations of this petition are not sufficient to support a cause of action. We will consider the special and general demurrer separately.

First, as to the special demurrer. A receiver, in order to maintain an action, must set out facts showing his appointment and by what jurisdiction appointed, setting out also so much of the proceedings in the cause as will show that his appointment is legal, as the defendant may insist that the facts constituting the appointment as receiver which are set out shall be sufficient to show that an appointment has been made, and that these facts must be so stated and with such certainty that they can be traversed. (See Newman on Pleading and Practice, 305 and 306, and Bliss on Code Pleading, sections 262 and 263.)

The petition is wanting in these essential averments, and the special demurrer was therefore properly sustained.

Second, the general demurrer. Here two questions arise: 1st. Are the allegations of the petition as amended sufficient to support a cause of action, upon the alleged guarantee of the town company endorsed upon the certificates of stock issued by the investment company, by which it guaranteed to the holder thereof the payment of a dividend, at the rate of 7 per cent. per annum, payable semi-annually, and are the allegations sufficient to show that it was within the power of the town company to guarantee the stock of the investment company, and do they show sufficient beneficial ownership in this stock as practically to make it liable as principal rather than as a mere accommodation guarantor?

It seems to be a well-settled law that a corporation is impliedly prohibited from doing anything which it is not expressly permitted to do by its charter, or which is not fairly incidental and necessary to the enjoyment of that which is expressly permitted. Usually one corporation can not acquire or guarantee stock in another corporation, because the State which conferred the franchise, as well as the stockholders who invested their capital in the enterprise and the creditors who advanced their money on the faith of it, have the right to rely on the company's not engaging its funds or risking its property in any business which is not expressly or impliedly permitted by its charter. (See Marble Co. v. Harvey, 92 Tenn., and Marbury v. Ky. Union Land Co., 62 Fed. Rep.)

The general doctrine upon this subject is laid down by Justice Gray, in Greenbay & M. R. Co. v. Union Steamboat

Co., 107 U. S., 100, in which he uses this language: "The charter of a corporation, read in connection with the general laws applicable to it, is the measure of its powers; and a contract manifestly beyond those powers will not sustain an action against the corporation.    But whatever under the charter and other general laws reasonably construed, may fairly be regarded as incidental to the object for which the corporation is created, is not taken to be prohibited."

The petition alleges that the guarantee in question was in writing, entered upon the books of the Middlesboro Town Company, upon the books of the Investment Company of Middlesboro and upon each certificate of stock issued by the investment company, and that it was done by order of the board of directors of the defendant, the Middlesboro Town Company; but the petition fails to set out specifically the provisions of their charter which authorized the board of directors to make this guarantee, either expressly or by implication.

Ordinarily, a guarantor is one who becomes responsible for a debt or a default for which another person is primarily liable, and a guarantee is an undertaking to be answerable for the payment of some debt or the performance of some contract by another person, who himself remains liable for his own default. (See Brandt on Guarantors, section 1, page 2, and A. & E. Enc. of Law, volume 9, 67.)  There is nothing in the allegation of the petition showing that the investment company itself ever agreed to pay the semi-annual dividends guaranteed by the town company, but it is possible that the town company might have had such beneficial pecuniary interest in the sale of the stock in question as to

have made itself liable as a principal in this contract, provided it had, by law, the authority to make same; and the allegation of the amended petition, that the town company was the promoter of the investment company, owned a large amount of its stock and was the beneficiary of all moneys realized from the sale of stock in the investment company, would seem to be sufficient to fix its liability as principal, provided the act itself was not beyond the scope of its authority. We think the petition is defective in failing to set out the provisions of the charter which authorized the contract.

2d. The only allegation of the petition under which appellant seeks to hold the defendant, the Middlesboro Town and Lands Company, liable is the allegation that "they are the successors to the Middlesboro Town Company, and assumed all liabilities and obligations of said company, and is liable for the payment of the obligation hereinbefore set out." This allegation is wholly insufficient to hold the town and lands company liable for the obligations of the town company, and is really pleading a legal conclusion which might be deduced from facts. There is no allegation setting out the authority under which the town and lands company assumed the obligations of the town company, or what the agreement was, or whether the obligation sued on was included within the liabilities assumed, or whether this assumption of the obligations of the town company by the town and lands company was in writing, or the consideration therefor, or whether there was any consideration at all.

The defendant is entitled to have all these necessary facts

set out in such a way as to make an issue that will be triable by the court.

For the reasons indicated, we think the general demurrer was properly sustained, and the judgment of the lower court is therefore affirmed.