CASE 8—ACTION ON CONTRACT—MARCH 11.

# Kentucky Citizens Building & Loan Association v. Lawrence, Etc.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. CONTRACTS—EVIDENCE TO EXPLAIN LATENT AMBIGUITY.—In an action on a contract whereby one building and loan association assumed the contracts entered into by another such association, by a stockholder of the corporation, making the assignment against

the corporation assuming the liability, it is competent for the defendant to allege and prove facts tending to explain a latent ambiguity. in the contract between the two associations.

2. SAME—MISTAKE IN REDUCING CONTRACT TO WRITING.—Where the true intention of the parties to a contract is not expressed by a writing, to which the contract is reduced, it is competent for the parties to allege and prove that the real contract between the parties by the mistake of the draughtsman had not been reduced to writing, and it is immaterial whether this mistake was due to a mistake as to the effect of the words used or a mistake in another respect.

3. CORPORATIONS—POWER TO GUARANTEE DIVIDENDS.—In the absence of an express statute a corporation organized under chapter 56 of the General Statutes of this State has no power to bind itself by contract with its stockholders to guarantee them dividends not in fact earned. It seems that there is no such statute in this State.

4. SAME.—A corporation having no power to guarantee to its stockholders dividends not in fact earned, an assignment by it to another corporation and the guarantee by the latter to carry out the contracts of the former does not carry with it any obligation to pay dividends not earned and the liability of the guaranteeing corporation is merely for a distribution of assets.

PHELPS & THUM FOR THE APPELLANT.

1. The appellant company did not assume the guarantees of the Kentucky Building & Loan Association, but merely took its assets and agreed to manage them and mature the stock.

2. There is no substantial difference between the companies as to the contract and if the written evidence of the contract does not express the true agreement, evidence is competent to show the actual agreement.

3. It is competent to allege and prove facts tending to elucidate a latent ambiguity in the contract. Wilson v. Robertson, 7 J. J. Mar., 78; Peich v. Dickinson, 1 Mason, 11; L. & O. R. R. Co. v. Ormsley, 7 Ind., 276; Breeding's Heirs v. Taylor's Heirs, 13 B. M., 487; Gagna v. Withan, 106 Ind., 545.

SIMRALL, BODLEY & DOOLAN FOR THE APPELLEES.

1. The appellant company assumed the liability of the Kentucky Building & Loan Association to its stockholders according to

the contract between that company and its stockholders. There is no ambiguity in the contract between the two companies.

2. In the absence of a latent ambiguity parol evidence is incompetent to explain a written contract. Coger v. McGee, 2 Bibb., 321; Lemaster v. Burckhart, 2 Bibb., 29 Morris v. Morris, 2 Bibb., 311; Martin v. Lewis, 1 A. K. Mar., 76; Spurrier v. Parker, 16 B. M., 284.

3. A mistake of the parties as to the legal effect of language used by them in reducing a contract to writing is no ground of defense or affirmative relief. Pom. Eq. Jur., sec. 843; Gagna v. Withan 106 Ind., 545; 1·Am. & Eng. Ency. of Law, 532.

4. There was no usury in the contract sued on.

SIMRALL & DOOLAN FOR THE APPELLEES IN A PETITION FOR A REHEARING.

1. The question whether the Kentucky Building & Loan Association had power to make the contract assumed by the appellant can not arise in this case because judgment was rendered against that company upon the contract and no appeal was taken from the judgment. The appellant is *quo ad hoc* privy to the judgment against the Kentucky Building & Loan Association and bound thereby. Besides, the appellant has never pleaded that the contract was *ultra vires* and in fact no such suggestion was ever made until the opinion was handed down in this case.

2. There could be no reformation of the contract between the parties and the Kentucky Building & Loan Association without making the stockholders of the latter company parties as they were the direct beneficiaries of the contract by which the appellant undertook to pay the liability of the Kentucky Building & Loan Association to its withdrawing stockholders.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

These three cases involve the same facts and will be disposed of together. Appellees took paid-up stock in the Kentucky Building & Loan Association under its by-laws, which allowed withdrawing members, who held paid-up stock, not less than 8 per cent. per annum, if their money was withdrawn before two years from the date of subscription; not less than 10 per cent. per annum, if it was withdrawn after two years, and before four years, from

date of subscription; and not less than 12 per cent. per annum, if withdrawn after four years, and before maturity.

The association was unable to meet its obligations, and becoming involved, made a contract with appellant by which it turned over all its assets to appellant. After this was done, appellees brought these actions against appellant, alleging that, by the contract between it and the Kentucky Building & Loan Association, appellant assumed all the liabilities of that association to its members. This appellant denied, alleging in substance, that it agreed to take the assets of that association and administer them as far as they would go, assuming no liability beyond the assets received. The court sustained a demurrer to this answer having previously overruled appellant's demurrer to the petition.

The contract between the two associations was in writing. After the court adopted the construction of the written contract put upon it by appellees, appellant filed an amended answer, alleging that the writing was so drawn by mistake of the draftsman, and sought a reformation of it to conform it to the real contract between the parties. To this amended answer the court also sustained a demurrer. Appellant paid appellees the amount due them from the assets received by it, and, declining to plead further, judgment was given against it for the balance claimed by them.

By the written contract, appellant agreed to "assume the liabilities of the Kentucky Building & Loan Association, as shown by their books, and proceed to mature the stock, and attend to the investment for the benefit of the stockholders of the said associations." Appellant averred and proved that before this contract was made it had the account books of the other association examined, that these

books showed just how the association stood with each member, and that this liability so shown on these books, and based on the assets of the company, was the liability it assumed, and that these were the books referred to in the contract; the matter having been fully discussed, and the written contract agreed to, as aptly expressing the agreement of the parties. It is insisted for appellees that ambiguity in a contract can not be helped by averment.

The rule on this subject is thus quaintly stated in the older books: "*Ambiguitas patens* is never holpen by averment. But, if it be *ambiguitas latens*, then otherwise it is." The ambiguity here is latent, and parol proof is clearly competent to show what books the written contract referred to. If the parties used the word "books" to designate certain books of account, this may be shown by parol; for otherwise the intention of the parties might be defeated entirely. This does not vary the written contract, but only shows what objects the parties meant to designate by the terms used. 2 Whart. on Evidence, sec. 937; Wilson v. Robertson, 7 J. J. Marsh., 78; Thorington v. Smith, 8 Wall., 9.

The appellant should also have been allowed to allege and prove that the real contract between the parties had not, by mistake of the draftsman, been reduced to writing so as to express correctly their meaning; and it is immaterial whether this mistake was due to a misapprehension as to the effect of the words used, or a mistake in any other respect.

In Bishop on Contracts, sec. 707, the law is thus stated: "Where parties, having entered into an oral agreement, undertake simply to reduce it to writing, if, by some mistake of the draftsman, or their own misapprehension as to the effect of the words employed, or otherwise, it is found after

execution not to contain or mean what both meant, . . .
a court of equity will . . . reform it to express the
real agreement."

For these reasons the court erred in sustaining the de-
murrer to appellant's answer and amended answer. Both
the associations referred to are alleged to be Kentucky
corporations, and, as we understand the record, were or-
ganized under chapter 56 of the General Statutes. Our
attention has not been called to any statute authorizing
the Kentucky Building & Loan Association to make the
contract alleged by appellee, and, in the absence of stat-
utory authority, it had no power to bind itself, by con-
tract with the stockholders to guaranty them dividends
not in fact earned. It seems that there was no such stat-
ute. However this may be, appellant, without statutory
authority, could not assume the debts or obligations of
another corporation.

This question was fully considered by this court in the
case of Rhorer, Receiver v. Middlesborough Town and
Lands Co. 19 Ky. L. R., 1788; 44 S. W., 448]. Under
the principles settled in that case, the contract alleged
by appellees was not binding on appellant, beyond the
amount of the assets received. If appellant had such au-
thority, it must be pleaded; and the petition, without this
averment, was fatally defective.

The judgment of the court below is therefore reversed,
and the cause remanded, with directions to overrule the
demurrer to the answer and the amended answer, and
sustain the demurrer to the petition, for the reasons in-
dicated.