## Germer v. Gambill, et al.

(Decided November 1, 1910.)

## Appeal from Breathitt Circuit Court.

1. Contracts—Written Contracts—Intention of Parties—Failure to Express—Misapprehension or Mistake.—The rule is well settled in this State that where the true intention of the parties to a contract is not expressed by the writing to which it is reduced, it is competent for the parties to allege and prove that the real contract between them, by mistake of the draftsman, had not been reduced to writing, and it is immaterial whether the mistake is due to a misapprehension as to the effect of the words used, or to a mistake in any other respect.
2. Mistake—Ground For Relief—Fraud of Other Party.—A mistake on one side is ground for relief when such mistake is caused by fraud of the other party.

G. W. FLEENOR and MARTIN T. KELLY for appellant.

GOURLEY & GOURLEY and REDWINE & PATTON for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On the 24th day of September, 1902, appellees, William E. Gambill and Catherine Gambill, his wife, entered into a written contract with appellant, Otto Germer. The material parts of that contract are as follows:

"Witnesseth, That for and in consideration of $40.00 in hand paid, receipt of which is hereby acknowledged as first payment upon the sum of $4.25 per acre, balance whereof is to be paid one year from this date, the grantor has sold and hereby agrees to convey to the grantee as hereinafter provided, all the coal, mineral and mineral products, all oils and gases, etc., * * * upon the hereinafter described tract of land * * *.

"It is expressly agreed and understood by and between the parties hereto, that no payments shall become due under this contract until said lands have been surveyed and an abstract of title has been tendered by the grantor to the grantee, which abstract will show a perfect title in the grantor, and a covenant of general warranty shall be executed by him. The expense of said survey to be borne in equal portions by the parties to this agreement, and deducted from the balance of the

purchase money as herein specified. Grantor warrants that no mineral or oil rights have been bargained or sold by them.''

The land covered by the foregoing contract consisted of about 420 acres, and is located in Breathitt county, Kentucky.

Charging that appellees, W. E. Gambill and wife, had failed to execute to him a deed to the land, and that he had made proper tender of the amount of the purchase money due and had demanded a deed of appellees, appellant Germer brought this action to enforce a specific performance of the contract in question. Besides other defenses, appellees answered to the effect that appellant's agent and attorney came to them to secure an option on the coal and mineral rights in the tract of land in question; that in consideration of the sum of $40.00 then and there paid, it was agreed that appellees would give appellant an option to purchase at the price of $4.25 per acre at any time within one year from said date; that the survey and abstract were to be completed in one year and the land then paid for; that unless the survey and abstract were so completed and the land paid for in one year, then said option was to terminate and become null and void; that having reached this agreement, appellant's attorney and agent undertook to embody the same in a printed form of contract which he had with him, but that by fraud or mistake or oversight on his part, he failed to correctly set forth and embody in the printed contract the true contract and agreement made by the parties, although said agent and attorney represented at the time that he had done so, when, as a matter of fact, the writing did not represent the true agreement between the parties; that appellant's agent was a practicing attorney of many years' experience, and appellees were ignorant of the meaning of the words used in the printed form of contract, and relied upon the representations of said agent and attorney; that but for said representations they would not have signed said contract.

From a judgment denying appellant the relief prayed for, this appeal is prosecuted.

The evidence for appellant, as given by the agent who obtained the contract, is to the effect that the agent was engaged in obtaining from other people in that vicinity contracts similar to the one in question. He called upon 'Squire Gambill. After some discussion they

agreed upon the terms of the contract. He had with him a blank form which was filled out by the 'Squire's daughter. The 'Squire and his wife then signed and acknowledged the contract. This was the only agreement made on that occasion. There was never any agreement to the effect that if the land was not paid for in one year the contract was to be null and void. He did not remember whether or not 'Squire Gambill objected to signing the contract. He did state to the 'Squire that he believed the party he represented would be able to take up and pay for the land in question within one year.

The evidence for appellee is to the effect that appellant's agent called upon him and stated that he desired to get an option upon the coal and mineral rights incident to the land in question. After discussing the matter at some length it was finally agreed that, in consideration of the payment of $40.00 in cash, and the payment within one year of the balance of $4.25 per acre, appellees were to give to appellant the right to purchase said land at any time within that period. Unless the land was purchased within said time, the agreement was to be null and void. When the contract as embodied in the printed form was filled up and made out, 'Squire Gambill objected to signing it, claiming that he did not understand the effect of the latter part of the contract. Appellant's agent then told him to pay no attention to that; that the written contract meant that unless the balance of the purchase money was paid in one year the agreement was to be null and void. The foregoing facts appear from the depositions of 'Squire Gambill and of four or five other witnesses who were present on the occasion and claim to have heard the conversation and negotiations between appellant's agent and 'Squire Gambill.

In view of the overwhelming evidence in appellees' favor, we cannot say that the chancellor erred in his conclusion. The rule is well settled in this State that, where the true intention of the parties to a contract is not expressed by the writing to which the contract is reduced, it is competent for the parties to allege and prove that the real contract between them by mistake of the draftsman had not been reduced to writing; and it is immaterial whether the mistake is due to a misapprehension as to the effect of the words used or to a mistake in any other respect. (Kentucky Citizens' Building &

Loan Association v. Lawrence, et al., 106 Ky. 88.) It is likewise true that a mistake on one side is ground for relief when such mistake is caused by fraud of the other party. (Bergen v. Ebey, 88 Ill. 269; Simmons Creek Coal Co. v. Doran, 142 U. S. 417.) In the case before us, if appellees and appellant's agent were both mistaken as to the legal effect of the instrument, that would be a case of mutual mistake. On the other hand, if appellant's agent knowingly represented that the written contract expressed the true agreement between the parties, when, as a matter of fact, it did not, and appellees were thereby induced to sign it, we would have a case of mistake upon one side and fraud upon the other. In either event, appellant would not be entitled to the relief sought.

Judgment affirmed.